**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DAVID N. MURPHY, SR.,** : | |
| : | |
| **Plaintiff** : | **CIVIL ACTION NO. 3:18-1404** |
| : | |
| **v.** : | |
| : | **(MANNION, D.J.)** |
| **SCOTT M. GROCHOWSKI**, *et al.*, : | **(SCHWAB, M.J.)** |
| : | |
| **Defendants** : | |

# M E M O R A N D U M

## I. BACKGROUND

Pending before the court is the report and recommendation, (Doc. 18), of Judge Susan E. Schwab recommending that this civil rights action under 42 U.S.C. §1983, filed *pro se* by plaintiff David N. Murphy, Sr., a pre-trial detainee awaiting his criminal trial at the Columbia County Prison, ("CCP"), be dismissed with prejudice, in part, and proceed, in part. After granting plaintiff's motion to proceed *in forma pauperis*, Judge Schwab screened the plaintiff's original complaint pursuant to 28 U.S.C. §1915(e), and directed the plaintiff to file an amended complaint. (Doc. 10). The screening performed by Judge Schwab was also under 28 U.S.C. §1915A.

The plaintiff filed his amended complaint on October 31, 2018. (Doc. 16).

Judge Schwab then screened the plaintiff's amended complaint in conjunction with his original complaint since his amended complaint was not

a proper pleading that could stand by itself without reference to his original complaint in violation of the court's order. Judge Schwab issued a report on March 1, 2019, recommending that all of the plaintiff's claims alleging violations of several rights under the 4th, 5th, 8th and 14th Amendments be dismissed with prejudice except for his knock-and-announce claims against defendants Grochowski, Greenwald, Marrow, and John Does 1-3 and, his retaliation claim against defendant Berdanier based on his transfer to CCP. Judge Schwab also recommended that this case be remanded to her for further proceedings as to the stated remaining claims and defendants.

To date, neither the plaintiff nor the defendants have filed any objections to Judge Schwab's report and the time to do so has expired. After having reviewed the record, the court will **ADOPT** the report and recommendation. The original and amended complaints will be **DISMISSED, in part, with prejudice**. This case will be remanded to Judge Schwab for further pre-trial proceedings as to the remaining claims.

## II.  STANDARD OF REVIEW

Where no objection is made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b), advisory committee notes; *see also* Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (2010) (citing Henderson v.

2

Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every Report and Recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

## III. DISCUSSION

Plaintiff names 14 defendants in both his original complaint and amended complaint, as well as three John Doe defendants of the Pennsylvania State Police and the Schuylkill County District Attorney's Office. The defendants are identified in the report. Plaintiff essentially raises constitutional claims regarding the entry and the search of his house, his arrest, his criminal prosecution, and his conditions of confinement. These claims are detailed in the report and they shall not be repeated herein.

Judge Schwab correctly finds that plaintiff cannot seek release from prison in his civil rights case[1], he cannot seek damages against Schuylkill

---

[1] It appears that the criminal charges filed against plaintiff in Schuylkill County are still pending in state court. Insofar as plaintiff seeks dismissal of his criminal charges and he seeks release from confinement in prison, such relief is only available through a writ of habeas corpus after plaintiff has been tried and exhausts his state court appellate remedies. Jaffery v. Atlantic County Prosecutor's Office, 695 Fed.Appx. 38 (3d Cir. 2017) (citing Preiser v. Rodriguez, 411 U.S. 475, 489, 93 S.Ct. 1827 (1973)).

The court also notes that under the *Younger* abstention doctrine, this court should not intervene in plaintiff's pending state criminal case. The Supreme Court has recognized "a strong policy against federal intervention

3

County Magisterial District Judge Reiley, he cannot show state action on the part of the Schuylkill County public defenders[2], he cannot state a claim based upon alleged racial comments, he cannot state a 5th Amendment claim for failing to advise him of his *Miranda* rights, he fails to state a cognizable conspiracy claim under §1983, his claim against defendant Szeliga is clearly barred by the statute of limitations, and he cannot bring an excessive force claim on behalf of his son.

The court has reviewed both the report and shall adopt Judge Schwab's conclusions with respect to the plaintiff's claims.

---

in state judicial processes in the absence of great and immediate irreparable harm to a federal plaintiff." Moore v. Sims, 442 U.S. 415, 423 (1979)(discussing the abstention doctrine articulated by the Supreme Court in Younger v. Harris, 401 U.S. 37 (1971), and determining that it applies to civil, as well as criminal, proceedings). Application of the *Younger* doctrine to §1983 civil rights actions in which the plaintiff is challenging the pending state court criminal charges filed against him and is alleging that the initiation and prosecution in the ongoing underlying state court action "violated and continues to violate his constitutional rights" is appropriate. *See* Smithson v. Rizzo, 2015 WL 1636143, *4; Jaffery v. Atlantic County Prosecutor's Office, 695 Fed.Appx. 38 (3d Cir. 2017).

[2]The judge named by plaintiff is absolutely "immune from suit under section 1983 for monetary damages arising from their judicial acts." Gallas v. Supreme Court of Pa., 211 F.3d 760, 768 (3d Cir. 2000) (citations omitted). Similarly, the prosecutors named as defendants are entitled to absolute immunity when performing their official duties, including the decision to prosecute or not prosecute an individual. *See* Stankowski v. Farley, 487 F.Supp.2d 543 (M.D.Pa. 2007); Radocesky v. Munley, 247 Fed.App'x. 363, 365 (3d Cir. 2007).

Defendant Chief Probation Officer Szeliga is also entitled to absolute immunity since the claims against him involve his performance of functions integral to the judicial process. *See* Williams v. Consovoy, 453 F.3d 173 (3d Cir. 2006).

Finally, based on the above, it would be futile to grant plaintiff further leave to amend his complaints.

## IV. CONCLUSION

Accordingly, the report and recommendation of Judge Schwab is **ADOPTED IN ITS ENTIRETY**, and all of the plaintiff's claims in both of complaints are **DISMISSED WITH PREJUDICE**, except for his knock-and-announce claims against defendants Grochowski, Greenwald, Marrow, and John Does 1-3, and his retaliation claim against defendant Berdanier. The court will remand this case to Judge Schwab for further proceedings as to the remaining claims and defendants. A separate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: March 20, 2019**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2018 MEMORANDA\18-1404-01.wpd