UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID N. MURPHY, SR., | : | CIVIL NO: 3:18-CV-01404 |
| Plaintiff | : | (Judge Mannion) |
| | : | (Magistrate Judge Schwab) |
| v. | : | |
| SCOTT M. GROCHOWSKI, *et al.*, | : | |
| Defendants | : | |

**ORDER**
January 14, 2021

**I. Introduction.**

The plaintiff, David N. Murphy, Sr., filed a complaint claiming that the defendants violated his rights in connection with a search of his home, his arrest, his criminal prosecution, and his conditions of confinement. After the Court screened Murphy's amended complaint, the remaining claims are knock-and-announce claims against defendants Grochowski, Greenwald, Marrow, and John Does 1–3 and a retaliation claim against defendant Berdanier based on Murphy's transfer from the Schuylkill County Prison. In this Order we address four motions filed by Murphy.

## II. Motion for the Appointment of Counsel.

On January 4, 2021, Murphy filed a motion for the appointment of counsel. This is Murphy's seventh motion for the appointment of counsel. We denied Murphy's prior motions. *See docs. 10, 12, 40, 52, 77, 101.* Most recently, on December 10, 2020, we denied a motion for the appointment of counsel by Murphy. *Doc. 101.* In that order, in addition to denying the motion for many of the same reasons as set forth in prior orders, we recognized that COVID-19 restrictions may impose additional hurdles on Murphy:

> For many of the same reasons set forth in the prior orders denying Murphy the appointment of counsel and after again considering the relevant factors under the Third Circuit case law set forth in those prior orders, we conclude that counsel is not warranted at this time. In so concluding, we are cognizant of Murphy's contentions that due to COVID-19, the prison is currently on lock down. "While the Plaintiff notes that restrictions in the prison due to the ongoing COVID-19 pandemic are limiting his ability to prepare his case, so too is the pandemic challenging lawyers in this District in the practice of law." *In v. Stroup*, No. 1:19-CV-00224, 2020 WL 5424043, at *2 (W.D. Pa. Sept. 10, 2020). And "[w]ith respect to Plaintiff's concern regarding limited law library access, if he requires extensions of time to respond to future pleadings and Orders requiring a response, he may request such from the Court at the appropriate time." *Dudley v. Brown*, No. 1:19-CV-1157, 2020 WL 5258483, at *3 (M.D. Pa. Sept. 3, 2020).

*Doc. 101* at 2–3. Since that time, Murphy has informed the court that he has tested positive for COVID-19. *See doc. 107*.[1] He also asserts that he cannot access the law library, and he has been told that the prison will be on lockdown for another six months or until vaccines are available. *Doc. 110* at 1.

To the extent that Murphy is having symptoms associated with his positive COVID-19 test, we hope he makes a speedy and complete recovery. And while we understand that the lockdown and restrictions on access to the law library make it more difficult for Murphy, as previously set forth, "the pandemic [is also] challenging lawyers in this District in the practice of law." *In*, 2020 WL 5424043, at *2. And we recognize that the restrictions on access to the law library may warrant extensions of time, when appropriate.[2] *Dudley*, 2020 WL 5258483, at *3. But for many of the same reasons set forth in the prior orders denying Murphy the appointment of counsel and after again considering the relevant factors under the Third Circuit case law set forth in those prior orders, we conclude that counsel is

---

[1] In *Document 107*, Murphy also states, among other things, that 74 other inmates have tested positive for COVID-19, and he requests that the court send him three 42 U.S.C. § 1983 complaint forms and paperwork for all 74 inmates to file a class action. Since Murphy is not an attorney, he cannot represent other inmates. Thus, we will direct the Clerk of Court to send Murphy one § 1983 complaint form. If other inmates want such forms, they themselves can seek such forms.

[2] In his motion for the appointment of counsel, Murphy also requests a continuance. But because Murphy has filed a separate motion for an extension of time to respond to the defendants' pending summary judgment motions, we will address Murphy's request for more time below in connection with that motion.

not warranted at this time. Thus, we will deny Murphy's motion for the appointment of counsel.

### III. Motion to Amend to Identify John Doe 1 and John Doe 2.

On December 7, 2020, Murphy filed a motion to amend his complaint to add Sergeant Mark Rowlands and Corporal John Chulock in place of defendants John Doe 1 and John Doe 2. We directed the defendants to file responses to Murphy's motion, and they did so.

"The court should freely give leave to amend when justice so requires," Fed. R. Civ. P. 15(a)(2), and "the pleading philosophy of the Rules counsels in favor of liberally permitting amendments to a complaint." *CMR D.N. Corp. v. City of Philadelphia*, 703 F.3d 612, 629 (3d Cir. 2013). "This liberal amendment regime helps effectuate the 'general policy embodied in the Federal Rules favoring resolution of cases on their merits.'" *Mullin v. Balicki*, 875 F.3d 140, 149 (3d Cir. 2017) (quoting *Island Creek Coal Co. v. Lake Shore, Inc.*, 832 F.2d 274, 279 (4th Cir. 1987)). But a "district court may deny leave to amend a complaint where it is apparent from the record that '(1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party.'" *U.S. ex rel. Schumann v.*

4

*Astrazeneca Pharm. L.P.*, 769 F.3d 837, 849 (3d Cir. 2014) (quoting *Lake v. Arnold,* 232 F.3d 360, 373 (3d Cir. 2000)).

The defendants contend that the court should deny Murphy leave to amend to substitute Rowlands and Chulock for John Doe 1 and John Doe 2 because leave to amend would be futile.

"Leave to amend is properly denied if amendment would be futile, i.e., if the proposed complaint could not 'withstand a renewed motion to dismiss.'" *City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp*, 908 F.3d 872, 878 (3d Cir. 2018) (quoting *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988)). Thus, in determining whether an amendment would be futile, we apply the same standard as we apply in determining whether a complaint fails to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 175 (3d Cir. 2010).

Here, the knock-and-announce claims survived the screening of the amended complaint under a standard akin to the 12(b)(6) standard, and the defendants do not argue that the amended complaint fails to state a claim upon which relief can be granted. Rather, relying on facts outside the pleadings, the defendants contend that Rowlands and Chulock were not personally involved in the alleged knock-and-announce violation. And in any event, they contend, an announcement was made

before entry; thus, there was no violation.[3]  Such factual determinations go beyond the pleading standard, and they can be raised by Rowlands and Chulock at the appropriate time.[4]

The defendants also contend that the court should deny Murphy leave to amend to substitute Rowlands and Chulock for John Doe 1 and John Doe 2 because Murphy unduly delayed in identifying Rowlands and Chulock as the Doe defendants.

"Denial of leave to amend can be based on undue delay, bad faith or dilatory motive on the part of the movant[.]" *Mullin*, 875 F.3d at 149.  "While simple delay cannot justify denying leave to amend by itself, delay that is 'undue'—a delay that is protracted and unjustified—can place a burden on the court or counterparty, or can indicate a lack of diligence sufficient to justify a discretionary denial of leave."

---

[3] Defendants Greenwald and Berdanier also contend that amendment would be futile because Murphy's knock-and-announce claims are barred by the favorable termination rule of *Heck v. Humphrey*, 512 U.S. 477 (1994*). See doc. 109* at 3–4.  But "Fourth Amendment claims are not categorically barred by *Heck*." *Clouser v. Johnson*, 40 F. Supp. 3d 425, 434 (M.D. Pa. 2014), *aff'd*, 684 F. App'x 243 (3d Cir. 2017).  And the court "must undertake a fact-intensive inquiry for each claim raised by the plaintiff and determine whether success on that claim would necessarily impugn the integrity of the plaintiff's criminal conviction." *Id*. at 433.  Here, such a fact intensive inquiry would take us beyond the pleadings.  Thus, we cannot say that amendment would be futile based on the favorable-termination rule of *Heck*.

[4] As none of the defendants explicitly argue that an amendment naming Rowlands and Chulock in place of the Doe defendants would not relate back to the date of the filing of the amended complaint under Fed. R. Civ. P. 15(c), that argument, if appropriate, can also be raised by Rowlands and Chulock.

6

*Id*. at 151.  "As there is 'no presumptive period in which . . . delay becomes "undue,"' the 'question of undue delay requires that we focus on the movant's reasons for not amending sooner' while 'bearing in mind the liberal pleading philosophy of the federal rules.'" *Id*. (quoting *Arthur v. Maersk, Inc.*, 434 F.3d 196, 205 (3d Cir. 2006), and *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001)).

    Here, the defendants assert that Murphy did not seek the names of the Doe defendants in discovery, and he did not identify Rowlands and Chulock until after discovery closed and until after summary judgment motions had been filed.  The defendants contend that they would be prejudiced if leave to amend were to be granted and discovery reopened.  Although not entirely clear from Murphy's filings, it appears that Murphy contends that Rowlands and Chulock testified at a hearing on his Post Conviction Relief Act ("PCRA") petition. *See doc. 100* at 1, *doc. 108* at 2, *doc. 111* at 2.  That hearing occurred on July 31, 2020. *See doc. 88-3* at 67.[5]  Although the pending motion to amend was not filed until December 7, 2020, *see doc. 100*, Murphy sought the transcript of the PCRA hearing as early as August 28, 2020, *see doc. 83*, and he sought to add Chulock as a defendant as early

---

[5]  It may also be that Murphy learned of Rowlands's name through Rowlands's declaration, which was filed in connection with the defendants' motions for summary judgment. *See doc. 93-2* at 2–3, *doc. 94-1* at 2–3.  That declaration is dated November 17, 2020. *Id*.

as September 21, 2020, *see doc. 84*.  These earlier motions by Murphy were deemed withdrawn because he did not file a brief in support. *See doc. 87*.  Given that Murphy is proceeding *pro se* and he has had some difficulty presenting his request for leave to amend to substitute Rowlands and Chulock for Doe defendants in a procedurally correct manner, we conclude that leave to amend should not be denied based on undue delay.

 We are, however, cognizant of the defendants' arguments that allowing amendment and reopening discovery would prejudice them given that they have engaged in discovery and have filed and briefed motions for summary judgment. And '"prejudice to the non-moving party is the touchstone for the denial of an amendment."' *Mullin*, 875 F.3d at 150 (quoting *Arthur*, 434 F.3d at 204).  But "leave to amend is not an all-or-nothing proposition[,]" and "courts can choose instead to impose reasonable conditions on the right to amend in lieu of a pure grant or denial." *Id*.  "Specifically, a court 'may use its discretion to impose conditions on the allowance of a proposed amendment as an appropriate means of balancing the interests of the party seeking the amendment and those of the party objecting to it,' such as by 'narrow[ing] the scope of the amendment if it considers the request too broad.'" *Id*. (quoting 6 Charles Alan Wright, et al., *Federal Practice and Procedure,* § 1486 (3d ed.)).

8

Here, we will grant Murphy's motion for leave to amend to the extent that we will substitute Rowlands and Chulock for John Doe 1 and John Doe 2 in the amended complaint.  But to the extent Murphy is seeking leave to amend to add other claims against the existing defendants or to assert claims other than his knock-and-announce claims against Rowlands and Chulock, his motion will be denied.  And while substituting Rowlands and Chulock for the Doe defendants may require reopening discovery as to these two new defendants, because Murphy has had the opportunity for discovery regarding the existing defendants, we will not reopen discovery as to those defendants.  And we will address in due course the pending motions for summary judgment filed by the defendants.

**IV. Motion for the court to obtain evidence.**

On December 30, 2020, Murphy filed a motion asking the court to obtain and review the testimony from his PCRA hearing. *See doc. 108.*[6]  In other recent filings, Murphy also suggests that the court obtain evidence for him. *See doc. 110* at 1 (referring to the testimony of corrections officers); *doc. 111* at 2 (referring to the testimony from his PCRA hearing and the testimony of his children).  But as we previously informed Murphy, the court does not obtain evidence for litigants. *See doc. 40* at 8. ("But the Court does not subpoena documents for litigants."); *doc.*

---

[6]  In this motion, Murphy also again requests the appointment of counsel.  We have addressed Murphy's request for counsel above.

*72* at 1 ("The court does not subpoena evidence for litigants."). Thus, we will deny Murphy's motion for the court to obtain evidence.

**V. Motion for Reconsideration and Motion for an Extension of Time.**

On January 4, 2021, Murphy filed a motion titled as both a motion for reconsideration and as a motion for an extension of time.[7] It is not clear from what order Murphy is seeking reconsideration. Thus, to the extent that the motion asks for reconsideration, it will be denied.

There are three pending motions for summary judgment filed by the defendants. Murphy asks for an extension of time to file briefs in opposition to the motions for summary judgment and responses to the defendants' statements of material facts. And he asks that the court explain to him how to respond to a statement of material facts. Murphy has already filed briefs in opposition to the motions for summary judgment, *see docs. 98*, *99*, and the defendants have filed reply briefs, *see docs. 103*, *104*, *105*. Thus, we will not grant Murphy an extension of time to file briefs in opposition. But Murphy has not filed responses to the defendants' statements of material fact. Because Murphy is proceeding *pro se* and he contends that he does not know how to respond to a statement of material facts, we will grant Murphy an extension of time to file responses to the defendants'

---

[7] In this motion, Murphy also again requests the appointment of counsel. We have addressed Murphy's request for counsel above.

10

statements of material facts, and we will explain to Murphy how to respond to a statement of material facts.[8]

To properly respond to the defendants' motions for summary judgment, Murphy must comply with Local Rule 56.1 and respond to the defendants' statements of material facts. Local Rule 56.1 requires a party moving for summary judgment (here the defendants) to file "a separate, short and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried." M.D. Pa. L.R. 56.1. The Rule, in turn, requires the non-moving party (here Murphy) to file "a separate, short and concise statement of the material facts, responding to the numbered paragraphs set forth in the statement required [by the moving party], as to which it is contended that there exists a genuine issue to be tried." *Id.* The "[s]tatements of material facts in support of, or in opposition to, a motion shall include references to the parts of the record that support the statements," and "[a]ll material facts set forth in the statement required to be served by the moving party will be deemed admitted unless controverted by the statement required to be served by the opposing party." *Id.* Thus, to properly respond to the defendants' motions, Murphy must file a response to each of the defendants' statement of material facts, stating for each paragraph whether he admits or denies the statement set forth in that paragraph,

---

[8] We previously explained this to Murphy in connection with an earlier motion filed by defendant Berdanier. *See doc. 40* at 5–7*, doc. 52* at 2–3.

and when Murphy denies a statement, he must point to evidence that raises a genuine issue of fact as to that statement.

Given the circumstances with COVID-19, we will grant Murphy a lengthy extension of time—90 days—to respond to the defendants' statements of material facts.

**VI.  Order.**

Based on the foregoing, **IT IS ORDERED** that the Clerk of Court shall send Murphy one 42 U.S.C. § 1983 complaint form.  **IT IS ALSO ORDERED** that Murphy's motion (*doc. 110*) for the appointment of counsel is **DENIED**.

**IT IS FURTHER ORDERED** that Murphy's motion (*doc. 100*) for leave to amend is **GRANTED IN PART AND DENIED IN PART.**  The motion is granted to the extent that the amended complaint (*doc. 16*) is amended to reflect that Sergeant Mark Rowlands and Corporal John Chulock are John Doe 1 and John Doe 2.  The Clerk of Court shall amend the caption of this case accordingly.  In accordance with Federal Rule of Civil Procedure 4(c)(3), the Clerk of Court is also directed to **SERVE** a copy of the amended complaint (*doc. 16*), notice of lawsuit and request to waive service of summons (form AO 398), waiver of the service of summons (form AO 399) and this Order on defendants Rowlands and Chulock.  In the interests of efficient administrative judicial economy, the court requests that

defendants Rowlands and Chulock waive service pursuant to Federal Rule of Civil Procedure 4(d). **IT IS ORDERED** that Murphy's motion for leave to amend is otherwise **DENIED**.

**IT IS ALSO ORDERED** that Murphy's motion (*doc. 108*) for the court to obtain evidence is **DENIED**.

Finally, **IT IS ORDERED** that Murphy's motion for reconsideration and for an extension of time (*doc. 111*) is **GRANTED IN PART AND DENIED IN PART**. The motion is **DENIED** to the extent Murphy is seeking reconsideration of some unspecified order. The motion is **GRANTED** to the extent that Murphy is granted an extension of time until **April 14, 2021**, to file responses to the defendants' statements of material fact.

*S/Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge