UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID N. MURPHY, SR., | : | CIVIL NO: 3:18-CV-01404 |
| Plaintiff | : | (Judge Mannion) |
| | : | (Magistrate Judge Schwab) |
| v. | : | |
| SCOTT M. GROCHOWSKI, *et al.*, | : | |
| Defendants | : | |

**<u>ORDER</u>**
January 29, 2021

The plaintiff, David N. Murphy, Sr., filed a complaint claiming that the defendants violated his rights in connection with a search of his home, his arrest, his criminal prosecution, and his conditions of confinement. After the Court screened Murphy's amended complaint, the remaining claims are knock-and-announce claims against defendants Grochowski, Greenawald, Morrow, Rowlands, Chulock,[1] and John Doe 3 and a retaliation claim against defendant Berdanier based on Murphy's transfer from the Schuylkill County Prison.

On January 4, 2021, Murphy filed a motion titled as both a motion for reconsideration and as a motion for an extension of time. Because it was not clear

---

[1] Defendants Rowlands and Chulock were recently substituted for John Doe 1 and John Doe 2.

from what order Murphy was seeking reconsideration, by an Order dated January 14, 2021, we denied that motion to the extent it sought reconsideration. Construing the motion as also seeking an extension of time to respond to the three pending summary judgment motions filed by the defendants, and noting that Murphy had already filed briefs in opposition to those motions and the defendants had filed reply briefs, we did not grant Murphy an extension to time to file briefs in opposition.  But noting that Murphy had not filed responses to the defendants' statements of material facts, and because Murphy is proceeding *pro se* and he contended that he does not know how to respond to a statement of material facts, we granted Murphy an extension of time until April 14, 2021, to file responses to the defendants' statements of material facts.  And we explained to Murphy how to respond to a statement of material facts:

> To properly respond to the defendants' motions for summary judgment, Murphy must comply with Local Rule 56.1 and respond to the defendants' statements of material facts. Local Rule 56.1 requires a party moving for summary judgment (here the defendants) to file "a separate, short and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried." M.D. Pa. L.R. 56.1.  The Rule, in turn, requires the non-moving party (here Murphy) to file "a separate, short and concise statement of the material facts, responding to the numbered paragraphs set forth in the statement required [by the moving party], as to which it is contended that there exists a genuine issue to be tried." *Id.*  The "[s]tatements of material facts in support of, or in opposition to, a motion shall include references to the parts of the record that support the statements," and "[a]ll material facts set forth in the statement

> required to be served by the moving party will be deemed admitted unless controverted by the statement required to be served by the opposing party." *Id.*  Thus, to properly respond to the defendants' motions, Murphy must file a response to each of the defendants' statement of material facts, stating for each paragraph whether he admits or denies the statement set forth in that paragraph, and when Murphy denies a statement, he must point to evidence that raises a genuine issue of fact as to that statement.

*Doc. 113* at 11–12.

On January 28, 2021, Murphy filed a document titled "Motion for Court Ordered Statement in Response to Summary Judgment." *Doc. 117*.  To the extent that Murphy intended this document to be a response to any of the defendants' statements of material facts, it does not comply with Rule 56.1, as outlined above.  Murphy asserts that he had help preparing the document, and he again suggests that he does not understand how to respond to the defendants' statements of material facts.  He asserts that he has only an Eighth Grade education, and he asks the court to explain how to respond as if explaining it to a dummy or a child.  We will once again explain to Murphy how to respond to the defendants' statements of material facts.

Because there are three motions for summary judgments pending and three statements of material facts[2] filed by the various defendants, at the outset we note

---

[2] Defendants Greenawald and Berdanier titled their statement of material facts as "Statement of Uncontested Facts Submitted on Behalf of Defendants, Troy Greenawald and Gene Berdanier." *Doc. 90*.  Defendant Grochowski titled his

that Murphy must file a separate response to each of the three statements of material facts. And Murphy must title his responses such that the court knows to which statement of material facts he is responding. For example, Murphy could title his three responses: (1) "Response to Defendants Greenawald and Berdanier's Statement of Uncontested Facts"; (2) "Response to Defendant Trooper Grochowski's Statement of Undisputed Material Facts"; (3) and "Response to Defendant Captain John Morrow's Statement of Undisputed Material Facts."

As to how each response should be formatted, first and foremost, Murphy's response must respond to the numbered paragraphs as set forth by the defendants in their statements of material facts. Second, for each fact set forth by the defendants, Murphy's response must state at the outset one of three things: (1) that Murphy does not dispute the fact set forth by the defendants; (2) that Murphy does dispute the fact set forth by the defendants; or (3) that Murphy disputes in part the fact set forth by the defendants. Third, if Murphy does not dispute a fact set forth by the defendants, all that is required or appropriate for that numbered paragraph is for Murphy's response to state that the fact is undisputed; no argument should be included in response to that fact. If Murphy disputes a fact set forth by the defendants, Murphy's response should state that the fact is disputed and shall

---

statement of material facts as "Defendant Trooper Grochowski's Statement of Undisputed Material Facts." *Doc. 93*. And defendant Morrow titled his statement of material facts as "Defendant Captain John Morrow's Statement of Undisputed Material Facts." *Doc. 94*.

include a reference to evidence in the record that controverts that statement. If the evidence that Murphy references is not already in the record **of this case**, Murphy must submit the evidence along with his response to the statements of material facts. Murphy must specifically point to where in the record **of this case** the evidence that he references is located. Although Murphy must point to record evidence to dispute a fact, and he may include a brief explanation of why that evidence controverts the fact set forth by the defendants, arguments should not be included (arguments are set forth in a brief, not a response to a statement of material facts). If Murphy disputes in part a fact set forth by the defendants, Murphy's response should state that the fact is disputed in part and undisputed in part, shall indicate what part of the fact is disputed and what part of the fact is undisputed, and shall include a reference to evidence in the record that controverts that part of the statement that is disputed. Again, although Murphy must point to record evidence to controvert that part of the fact that is disputed, and he may include a brief explanation of why that evidence controverts the part of the fact that is disputed, arguments should not be included.

    To illustrate the above, the following is an example of how a properly formatted response to a statement of material facts might look:

    1. **UNDISPUTED**.

    2. **DISPUTED**. *See* document no. x at page xx, which shows that (a brief explanation of how the evidence controverts the statement of fact set forth by the defendants).

    3. **DISPUTED IN PART, UNDISPUTED IN PART**. That part of the defendants' statement that provides X is disputed. *See* document no. x at page xx, which shows that (a brief explanation of how the evidence controverts the disputed part of the statement of fact set forth by the defendants). That part of the defendants' statement that provides Y is undisputed.

    And so on for each statement of fact set forth by the defendants.

  Based on the foregoing, **IT IS ORDERED** that Murphy's "Motion for Court Ordered Statement in Response to Summary Judgment" is **GRANTED IN PART** to the extent that we have again explained to Murphy how to respond to the defendants' statements of material facts. The motion is otherwise **DENIED**. On or before **April 14, 2021**, Murphy shall file his responses to the defendants' statements of material facts.

            *S/Susan E. Schwab*
            Susan E. Schwab
            United States Magistrate Judge