**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

**DAVID N. MURPHY, SR.,**                          :

    **Plaintiff**                          :          **CIVIL ACTION NO. 3:18-1404**

    **v.**                          :                 **(MANNION, D.J.)**
                                          **(SCHWAB, M.J.)**

**SCOTT M. GROCHOWSKI, *et al*.,**          :

    **Defendants**                          :

## <u>MEMORANDUM</u>

Pending before the court is the May 27, 2021 report of Judge Schwab, (Doc. 135), which recommends that the three motions for summary judgment filed separately by the defendants, (Docs. 88, 91 & 95), be granted and, that this case be remanded to her for further proceedings as to plaintiff's remaining claims. The defendants who filed the pending motions are three police officers and one prison warden. The police defendants moved for summary judgment with respect to *pro se* plaintiff David N. Murphy, Sr.'s claims that they failed to knock and announce their presence before entering his home to execute a search warrant. The prison warden moved for summary judgment as to Murphy's claim that he retaliated against the plaintiff due to his legal filings by transferring him to another prison. Specifically, it is recommended that police defendants' motions be granted regarding plaintiff's failure to knock and announce claim due to the lack of

evidence that they were personally involved in this claim. It is further recommended that the warden's motion be granted since there is insufficient evidence that the warden retaliated against plaintiff by transferring him.[1]

Only the plaintiff filed objections to Judge Schwab's report on June 10, 2021. (Docs. 136). The court has reviewed Judge Schwab's report and plaintiff's objections to it, and it will **ADOPT IN ITS ENTIRETY** the report. The court will **GRANT** police defendants' motions for summary judgment as to plaintiff's 4th Amendment claim that they failed to knock and announce their presence before entering his home pursuant to a search warrant. The court will also **GRANT** defendant warden's motion for summary judgment with respect to plaintiff's stated 1st Amendment retaliation claim. Plaintiff's objections to the report will be **OVERRULED**.

## I.   STANDARD OF REVIEW[2]

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*,

---

[1]The court notes that defendants Greenawald and Berdanier jointly filed their motion for summary judgment, Doc. 88.

[2]Since Judge Schwab states the appropriate standards with respect to a summary judgment motion and with respect to a civil rights action under 42 U.S.C. §1983 in her report, the court will not repeat them herein.

the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D. Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp. 2d 465, 469 (M.D. Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining that judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31."[A] Report and Recommendation does not have force of law unless and until the district court enters an order accepting or [not accepting] it." Garceran v. Morris County Prosecutors Office, 2015 WL 858106, *1 (D.N.J. Feb. 27, 2015) (citing United Steelworkers of Am. v. N.J. Zinc Co., Inc., 828 F.2d 1001, 1005 (3d Cir. 1987)).

## II.    DISCUSSION[3]

Briefly, by way of background, on October 31, 2018, pursuant to an Order from Judge Schwab, the plaintiff filed an amended complaint in the instant civil rights action pursuant to 42 U.S.C. §1983 alleging violations of his constitutional rights by the defendants in relation to events regarding the June 7, 2018 execution of a search warrant of his house by the PSP SERT and the conditions of his confinement after his arrest and conviction.[4] (Doc. 16). The plaintiff is presently an inmate at SCI Houtzdale and is proceeding *pro se* in this matter.

In particular, plaintiff's remaining claims are knock-and-announce claims against police defendants Grochowski, Greenawald, Morrow, Rowlands, Chulock, and John Doe 3. Plaintiff also has a remining retaliation claim against defendant Berdanier based on his transfer from the Schuylkill County Prison ("SCP") to another prison. Specifically, plaintiff alleges that after his arrest he was incarcerated at SCP and that since he had sued SCP

---

[3]Since the full background of this case is stated in Judge Schwab's report as well as the briefs of the parties and their statements of facts regarding defendants' dispositive motions, it shall not be fully repeated herein. Additionally, the court will limit its discussion to information relevant to the objections of the plaintiff to Judge Schwab's report.

[4]All of the defendants named in this case, as well as their positions, are stated in Judge Schwab's report as well as the relevant acronyms.

in the past and threatened to sue SCP again, Berdanier retaliated against him by having him transferred to a different prison.[5]

Defendants Grochowski, Morrow, and Greenawald filed separate summary judgment motions, (Docs. 88, 91 & 95), all claiming that they are entitled judgment with respect to plaintiff's claim that they failed to knock and announce their presence before entering Murphy's Pottsville, Pennsylvania home pursuant to a search warrant since the undisputed evidence shows that they were not personally involved in this violation.

No doubt that "[a]bsent exigent circumstances, police officers are required to knock on the door of a dwelling and announce their presence prior to entering." Walke v. Cullen, 491 Fed.Appx. 273, 276 (3d Cir. 2012). As the report explains in detail, the evidence shows that only the PSP SERT initially entered Murphy's residence and secured his house pursuant to a search warrant and, that after the PSP SERT finished the tasks, they turned the house over to law enforcement officials, including defendants Grochowski, Greenawald, and Morrow, to conduct the search which

---

[5]The court takes judicial notice of the Schuylkill County Court Criminal Docket in plaintiff's underlying criminal case, Commonwealth v. David Norman Murphy, No. CP-54-CR-0001437-2018 (Schuylkill Cnty. Ct. Com. Pl.). See also defendants' Exhibits attached to their motion, Doc. 88-3. PSP trooper Grochowski was the arresting officer. After pleading guilty to manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance, plaintiff was sentenced on October 14, 2019 to a minimum of 54 months in prison and a maximum of 120 months.

revealed illegal drugs. Murphy was then arrested and charged with drug related offenses. Defendants Grochowski, Greenawald, and Morrow were not members of PSP SERT and, they were not involved in the initial entry into plaintiff' house by the PSP SERT for the execution of the search warrant. Significantly, the undisputed evidence shows that these three defendants did not participate in the alleged failure to knock and announce at Murphy's residence when the search warrant was being executed. In fact, as the report states, "Murphy did not see the PSP SERT make entry, and he does not know who made entry into the house."

Here, although plaintiff claims that the conduct of Grochowski, Greenawald, and Morrow violated his rights under the 4th Amendment by failing to first "knock and announce" prior to entering his house, these defendants are entitled to summary judgment because the evidence, as detailed in the report, shows that they were not personally involved in this alleged violation. As such, the report will be adopted regarding its recommendation that the motions for summary judgment of Grochowski, Greenawald, and Morrow be granted.

With respect to the retaliation claim against defendant Berdanier, the report explains in detail the undisputed evidence as to the reasons why plaintiff was transferred out of SCP. (Doc. 135 at 18-20). In short, although Berdanier had contact or communication with plaintiff Murphy during Murphy's incarceration at SCP in June 2018, Berdanier had no knowledge

of any alleged threat by Murphy that he was going to file a lawsuit against the prison. Further, as the report explains, the prior lawsuits that plaintiff Murphy filed against SCP, (i.e., in 2009 & 2014), were "too temporally remote to raise an inference of causation" regarding his instant 1st Amendment retaliation claim. (Id. at 22-24). Thus, the undisputed evidence shows that defendant Berdanier did not transfer plaintiff Murphy out of SCP in retaliation for Murphy's legal filings. As such, defendant Berdanier is entitled to summary judgment.[6]

Finally, on May 27, 2021, Judge Schwab issued an Order directing plaintiff show cause by June 22, 2021 why his claims against his remaining unidentified defendant, namely, John Doe 3, should not be dismissed pursuant to Fed.R.Civ.P. 4(m). (Doc. 134).

On June 17, 2021, plaintiff filed his response to the show cause Order stating that he believes John Doe 3 is a PSP trooper, and that he needs more time to conduct discovery to determine this defendant's identity. Thus, plaintiff requests the court to allow him to serve his amended complaint with

---

[6] As Judge Schwab notes, since Berdanier's motion for summary judgment should be granted on its merits based on the undisputed evidence showing he did not violate plaintiff's 1st Amendment rights, there is no need to discuss his final contention that he is entitled to qualified immunity regarding this claim. *See* Pearson v. Callahan, 555 U.S. 223 (2009) (To determine whether the individual defendants are entitled to qualified immunity, the court must analyze two factors: 1) whether the plaintiff has shown facts that make out a constitutional rights violation, and if so, 2) whether those rights were "clearly established" at the time of the incident.).

respect to John Doe 3 on either the PSP Headquarters or on the counsel for the named PSP defendants with the PA Office of Attorney General.

Since discovery is over and since plaintiff has had more than ample time in this case filed over three years ago in July 2018, and still has not identified his John Doe 3 defendant, this defendant will be dismissed by the court, *sua sponte*, pursuant to Fed.R.Civ.P. 21. *See* Blakeslee v. Clinton County, 336 Fed.Appx. 248 (3d Cir. 2009) (citing Adams v. City of Camden, 461 F.Supp.2d 263, 271 (D.N.J. 2006) (holding that, after a reasonable period of discovery has passed, "[i]t is appropriate, before proceeding to trial, to eliminate [the] fictitious defendants from [an] action under Fed.R.Civ.P. 21.")).

## III.    CONCLUSION

The court has reviewed the recommended reasons for granting the summary judgment motions of defendants Grochowski, Morrow, Greenawald, and Berdanier, (Docs. 88, 91 & 95), as to plaintiff's 4th Amendment and 1st Amendment claims, presented by Judge Schwab in her report, (Doc. 135). Because the court agrees with the sound reasoning that led Judge Schwab to the conclusions in her report and finds no clear error in the record, the court will **ADOPT** the report in its entirety. The court will **GRANT** defendants' summary judgment motions, (Docs. 88, 91 & 95), as to the plaintiff's stated claims in his amended complaint, (Doc. 16). The court

will also **OVERRULE** the plaintiff's objections, (Doc. 136), to Judge Schwab's report. Further, John Doe defendant 3 will be dismissed from this case *sua sponte* by the court pursuant to Fed.R.Civ.P. 21. An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: July 19, 2021**
18-1404-03