# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID N. MURPHY, SR.,** | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:18-1404 |
| v. | : | (MANNION, D.J.) |
| | | (SCHWAB, M.J.) |
| **SCOTT M. GROCHOWSKI,** *et al.*, | : | |
| Defendants | : | |

## MEMORANDUM

Pending before the court is the August 9, 2022 report of Judge Schwab, (Doc. 153), which recommends that the motion for summary judgment filed by the two remaining defendants, (Doc. 140), be denied.[1] The defendants who filed the pending motion are Pennsylvania State Police, ("PSP"), Corporal John Chulock and PSP Sergeant Mark Rowlands. The PSP defendants moved for summary judgment with respect to *pro se* plaintiff David N. Murphy, Sr.'s claim that they failed to knock and announce their presence before entering his home to execute a search warrant involving a drug investigation. Specifically, it is recommended that PSP defendants' motion be denied regarding the merits of the plaintiff's failure to knock and announce 4th Amendment claim due to genuine disputes of

---

[1]The court notes that defendants Chulock and Rowlands jointly filed their motion for summary judgment, Doc. 140, on September 13, 2021.

material facts. It is also recommended that the defendants' contention that they are entitled to qualified immunity on the plaintiff's claim be denied.

Defendants requested an extension of time to file objections to Judge Schwab's report, and the court gave them until September 23, 2022. (Docs. 154 & 156). Nonetheless, to date, neither the plaintiff nor the defendants filed objections to the report, and the time within which they were due has expired.

The court has reviewed Judge Schwab's report, and it will **ADOPT IN ITS ENTIRETY** the report. Specifically, the court will **DENY** PSP defendants' motion for summary judgment as to the merits of the plaintiff's 4th Amendment claim that they failed to knock and announce their presence before entering his home pursuant to a search warrant. The court will also **DENY** defendants' motion with respect to their assertion of the qualified immunity defense.

I.  **STANDARD OF REVIEW**[2]

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v.

---

[2]Since Judge Schwab states the appropriate standards with respect to a summary judgment motion and with respect to a 4th Amendment knock and announce claim brought under 42 U.S.C. §1983, the court will not repeat them herein.

Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D. Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp. 2d 465, 469 (M.D. Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining that judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31."[A] Report and Recommendation does not have force of law unless and until the district court enters an order accepting or [not accepting] it." Garceran v. Morris County Prosecutors Office, 2015 WL 858106, *1 (D.N.J. Feb. 27, 2015) (citing United Steelworkers of Am. v. N.J. Zinc Co., Inc., 828 F.2d 1001, 1005 (3d Cir. 1987)).

**II.     DISCUSSION**[3]

Briefly, by way of background, on October 31, 2018, pursuant to an Order from Judge Schwab, the plaintiff filed an amended complaint in the instant civil rights action pursuant to 42 U.S.C. §1983 alleging a violation of his 4th Amendment rights by the defendants in relation to events regarding the June 7, 2018 execution of a search warrant of his house by the PSP SERT. (Doc. 16). The plaintiff was formerly an inmate at SCI Houtzdale, but has now been released from prison, and is proceeding *pro se* in this matter. (Doc. 152).[4]

The two remaining defendants, Rowlands and Chulock, filed a summary judgment motion, (Doc. 140), with respect to plaintiff's claim that they failed to knock and announce their presence before entering his Pottsville, Pennsylvania home pursuant to a search warrant. They argue that the undisputed evidence shows that they announced their presence

---

[3]Since the full background of this case is stated in Judge Schwab's report, as well as the briefs of the parties, and in their statements of facts regarding defendants' dispositive motion, it shall not be fully repeated herein. *See also* Murphy v. Grochowski, 2021 WL 3034010 (M.D. Pa. July 19, 2021).

[4]The court takes judicial notice of the Schuylkill County Court Criminal Docket in plaintiff's underlying criminal case, Commonwealth v. David Norman Murphy, No. CP-54-CR-0001437-2018 (Schuylkill Cnty. Ct. Com. Pl.). *See also* Exhibits previously submitted by defendants, Doc. 88-3. After pleading guilty to manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance, plaintiff was sentenced on October 14, 2019 to a minimum of 54 months in prison and a maximum of 120 months. As stated above, plaintiff is no longer incarcerated.

4

before entering plaintiff's house. Plaintiff testified that defendants failed to knock and announce their presence.

No doubt that "[a]bsent exigent circumstances, police officers are required to knock on the door of a dwelling and announce their presence prior to entering." Walke v. Cullen, 491 Fed.Appx. 273, 276 (3d Cir. 2012). As the report explains in detail, the evidence is disputed as to whether Chulock and Rowlands did knock and announce their presence a few seconds before entering Murphy's home, as they contend, based on Murphy's testimony that they did not. The report also indicates that "the defendants did not explicitly argue that there were exigent circumstances warranting entering Murphy's home without knocking and announcing at all."

As such, the report recommends that the defendants' motion for summary judgment should be denied with respect to the merits of the plaintiff claim that they violated his rights under the 4th Amendment by failing to first "knock and announce" prior to entering his house. The court concurs with the report's analysis and finds that the defendants are not entitled to summary judgment because the evidence, as detailed in the report, which viewed in the light most favorable to the plaintiff, shows that there remains substantial questions of fact.

Thus, the report will be adopted regarding its recommendation that the motion for summary judgment of Chulock and Rowlands be denied on the merits of the plaintiff's 4th Amendment claim.

Chulock and Rowlands also argue that they are entitled to qualified immunity with respect to plaintiff's 4th Amendment claim.[5] "The protection of qualified immunity applies regardless of whether the government official's error is a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." Pearson, 555 U.S. at 231. "The doctrine is designed to 'give[ ] government officials breathing room to make reasonable but mistaken judgments by protect[ing] all but the plainly incompetent or those who knowingly violate the law.'" Bryan v. United States of Am., 913 F.3d 356, 362 (3d Cir. 2019) (citation omitted). After conducting a thorough analysis of this defense, the report concludes that defendants failed to provide sufficient facts and evidence to show that the circumstances of the entry to the plaintiff's house justified dispensing with the knock-and-

---

[5]As Judge Schwab notes, since the defendants' motion for summary judgment should be denied on its merits based on the disputed evidence regarding whether they violated plaintiff's 4th Amendment rights, the court must consider their final contention that they are entitled to qualified immunity regarding this claim. Since the report states the correct legal standard regarding qualified immunity, it shall not be repeated herein. *See also* Pearson v. Callahan, 555 U.S. 223 (2009) (To determine whether the individual defendants are entitled to qualified immunity, the court must analyze two factors: 1) whether the plaintiff has shown facts that make out a constitutional rights violation, and if so, 2) whether those rights were "clearly established" at the time of the incident.).

announce requirement. Based on the defendants' failure to fully develop their argument as to qualified immunity, the report finds that they have not established this affirmative defense. *See* Burns v. Pa. Dep't of Corr., 642 F.3d 163, 176 (3d Cir. 2011) (since qualified immunity is an affirmative defense, "the burden of establishing [it] falls to the official claiming it as a defense.") (citation omitted).

The court concurs with the report's conclusion and will adopt its findings regarding qualified immunity, (Doc. 153 at 28-30). Therefore, the court will deny the motion for summary judgment of Chulock and Rowlands with respect to the plaintiff's 4th Amendment claim against them on the basis of qualified immunity.

### III. CONCLUSION

The court has reviewed the recommended reasons for denying the summary judgment motion of defendants Chulock and Rowlands, (Doc. 140), as to the merits of the plaintiff's 4th Amendment claim, presented by Judge Schwab in her report, (Doc. 153). Because the court agrees with the sound reasoning that led Judge Schwab to the conclusions in her report and finds no clear error in the record, the court will **ADOPT** the report in its entirety. The court will **DENY** defendants' summary judgment motion, (Doc. 140), as to the merits of the plaintiff's stated claim in his amended complaint, (Doc. 16). The court will also **DENY** the motion for summary judgment of

7

Chulock and Rowlands with respect to the plaintiff's 4th Amendment claim based on the qualified immunity defense. An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: September 28, 2022**
18-1404-04